Davison *v.* Davison.

---

## SUSANNA DAVISON v. WILLIAM DAVISON.

If the demandant has fairly and understandingly made her election between her dower and the bequest of her husband, and accepted the latter in lieu of the former, she cannot recover in dower.

This cause was tried before the Chief Justice at the Middlesex Circuit, in June 1835, and a verdict rendered for the demandant. upon the return of the *postea*, a rule to show cause was granted why the verdict should not be set aside. The pleadings are mentioned in the opinion of the Chief Justice.

*J. S. Nevius*, for demandant.

*C. L. Hardenburgh*, for defendant.

HORNBLOWER, C. J.   This cause was tried before me, at the Middlesex Circuit, in June 1835, and a verdict rendered for the demandant.   The defendant had pleaded two pleas : 1st, *ne unques seizie ;* and 2d, that the demandant's husband had made a bequest to her in lieu of dower, and that she had accepted the same; upon both of which, issue was joined.   But the defence relied on, was that set up by the latter plea.   The defendant read in evidence, the will of Daniel Davison, the husband of the demandant, in which the testator bequeathed to her certain personal property, and the sum of thirty dollars in money ; adding these words, viz: " provided my said wife Susanna accept of the same, *in lieu for her right of dower* to my lands; and shall *execute* a sufficient quit-claim thereunto, *within* one month after my decease."   The defendant then called Vincent Miller, one of the executors of Davison, who testified that Davison died in Dec. 1816.   Soon afterwards the will was read to her ; she said it was her husband's will, and that she was satisfied with it and would abide by it; and that upon receipt of the things and the money bequeathed to her, she would sign a release.   A release of dower was prepared and tendered to her to be executed, before the vendue, which took place on the 22d of January 1817.   She said she would sign it; she made no objection to it, but evaded the execution of it at that time.   She never refused to sign the release, but always put it off, by one excuse and another, and has never executed it.   The witness further testified, that he had delivered to her, the articles given to her, by the will of her husband; that she accepted of them ; and that she made purchases at the vendue, to the amount of forty dollars or upwards ; and that it was understood between the witness and her, that thirty dollars of it, was to be considered as received by her on account of the legacy; but he had never asked her for a receipt, or received any from her for that money, · in satisfaction of the legacy.   Several other witnesses testified to the same effect, and others were examined by the demandant, to contradict their statements.   But it is unnecessary to state the whole of the evidence, as the court instructed the jury, that unless the demandant had actually executed a release of her dower, she was entitled to recover ; that a parol acceptance by

her of the bequest in lieu of dower, and an actual receipt by her of the articles given in the will, would not constitute a legal bar of dower; whatever might be its effect in a court of equity. Under these instructions, the jury rendered a verdict for the demandant.

I had no doubt when this cause was tried before me, at the Circuit, that the demandant had fully and deliberately made up her mind to stand by the will of her husband, and had actually accepted the bequest made to her, in lieu of dower. Such was decidedly the weight of testimony given on the trial. But I was not aware of any case, at law, in which a parol acceptance of a *personal bequest* in lieu of dower, had been held to be a bar to the action; nor was I prepared at the Circuit, to adopt a principle which appeared to me then, and I must add, still appears to me, to be a departure from the rules of the common law, upon this subject, as they are to be be found in *Vernon's case,* ·4 *Co.* 1; *Co. Litt.* 36, *b; and* 2 *Bac. Abr. Gwil. ed.* title *Dower, letter F.* 382, and other authorities.

Upon looking however into the cases to which we have been referred, I am inclined to think, that if the demandant has fairly and understandingly, made her election between her dower and the bequest of her husband, and accepted the latter in lieu of the former, she ought not to recover in dower. Lord REDESDALE, whose decisions, though not *authority* in this court, never fail to command respect, has examined this question at some length, in the case of *Birmingham* v. *Kirwan,* 2 *Sch. and Lef.* 444. He cites two cases : one from 3 *Leon.* 273, in which provision had been made for the wife, after marriage in lieu of dower; and it was held that if she agreed to take such provision, by entering after the death of her husband, she would be bound at law, by her election. The other is the case of *Gosling* v. *Warburton, Cro. Eliz.* 128, in which it was resolved, that the demandant having sued *at law,* for her dower, and recovered, was barred *at law,* of her right of entry, for a rent-charge, which had been devised to her in lieu of dower. Lord REDESDALE in *Birmingham* v. *Kirwan,* clearly expresses his opinion, that the doctrine of election is recognized and adopted as well at law as in equity; and remarks that the

reason why courts of equity are more frequently called upon to consider the subject, is that at law, the party cannot be put to an election; for to enable a court of law to apply the principle, the party must either be deemed concluded, being bound by the nature of the instrument; or must have acted upon it, in such a manner as to be deemed concluded by what she has done, that is, *to have elected;* and hence the necessity of resorting to a court of equity, where no election has actually been made.

In the case of *Larrabee and wife* v. *Vanalstyne,* 1 *Johns. R.* 307, the bequest to the wife, was not expressed to be in lieu of dower; and there was some difference of opinion among the Judges, whether it was intended to be so or not. Three of them however, including the Chief Justice, (KENT,) seemed to be of opinion, that if the bequest was intended or even declared to be in lieu of dower, and the widow had elected so to receive it, yet that such election, would not bar her right of dower *at law*, but would only constitute an *equitable bar.* But LIVINGSTON and TOMPKINS, Justices, were of opinion that if she had received the bequest in lieu of dower, *and given a receipt or release*, it could have been pleaded in bar of the action. They however concurred in giving judgment for the demandant, on the ground that the defendant had not proved, that she had received or accepted the money, on account of the bequest. It would appear from reading the opinion of LIVINGSTON, Justice, in that case, that he considered it essential to the defence, that there must be some acknowledgment *in writing*, by the widow, of her having accepted a valuable consideration of some sort, for her dower, in order to preclude her from recovering at law. But if he is right on the principal question, that she is bound at law by her *election*, then I cannot see why any writing should be necessary; provided the defendant can establish the fact by other legal and satisfactory evidence to the jury, that the demandant has actually accepted and taken into her possession, the thing given in lieu of dower. If *a writing* is necessary, it must be by *deed;* for nothing less will convey or release a freehold estate. But then, she would be barred by her *deed*, and not by her *election*. If therefore the minority of the court were right, in considering the *election* of the

Davison *v.* Davison.

widow, a good defence at law, the fact of her having made such election, may be proved by parol testimony. In the case of *Van Orden* v. *Van Orden*, 10 *Johns. R.* 30, this question came incidentally before the court; and the court say, they incline to the opinion expressed by Lord REDESDALE in 2 *Sch. and Lefr.* 444, that courts of law, as well as courts of equity, will hold the wife to her election; and that whenever she has *by her acts*, declared that election, and proceeded upon it, she shall be barred from her counter claim.

In *Jackson* v. *Churchill*, 7 *Cowen R.* 287, the great question was whether the testamentary provision was in lieu of dower, and judgment was given for the demandant, on the ground that it was not. The question whether her acceptance of the bequest if it had been in lieu of dower, would have barred her recovery at law, was not raised or discussed; but the argument proceeded on the ground, that she would have been bound at law, by her election, if it had been a case in which she was compelled to take the one or the other. Chancellor KENT, in coming over this subject, in his 4 *Com. 1st ed. p.* 56, after stating that it had been held that though a collateral satisfaction consisting of money, or other chattel interest, given by will and accepted by the wife, would constitute an *equitable* bar of dower, yet that it was not pleadable at law, says : "But in the modern cases, the language of the *latter opinion* is, that if the wife has *fairly* and *understandingly* made her election between her dower, and the testamentary provision, and in favor of the latter, she will be held to her election, at law, as well as in equity." So also it has been decided in South Carolina, *Pick* v. *Pray*, 2 *S. Car. R.* 745, and in Pennsylvania, *Heron* v. *Hoffman*, *Rawle's Pa. R.* 396, *Hamilton* v. *Buckwalter*, 2 *Yeate's Pa. R.* 389. I am therefore satisfied that I ought to have left it to the jury to say, whether the demandant had in *fact*, and *understandingly* elected to take what her husband had given her in lieu of dower; and whether she had actually accepted of the same at the hands of the executor; and to have instructed the jury, that if she had done so, they ought to find for the defendant.

It was not necessary, as is supposed by the plaintiff's counsel, that she should actually execute a release within the thirty days

—she is barred by her election, freely and understandingly made and acted upon; and if necessary, she may be compelled in equity to execute the release. The executor might have refused to give to her, the testamentary provision, and left her to her right of dower, if she did not make her election and execute a release within the time allowed her to do so, by the will. But if she has accepted of that provision, and received the bequest, she shall not now say, I will have my dower also, because I did not sign a release within the limited time.

The verdict must be set aside, and the costs abide the event of the suit.

RYERSON, J. concurred.

FORD, J. In dower by Susanna Davison, it appeared that Daniel Davison, deceased, her late husband, made her a bequest in the following words—"I give and bequeath unto my well beloved wife Susanna, three cows, one bed, and bedding sufficient for it, one table, half a dozen chairs, all my tea, crockery and earthenware, two iron pots, one grid-iron, one griddle, one trammel, all my meat and soap casks, and the sum of thirty dollars; provided my said wife Susanna, accepts the same in lieu of her right of dower to my lands, and shall execute a sufficient quit claim thereunto, within one month after my decease." On reading tl is bequeath to her, a few days after the testator's death, she said to the executor, "It was Daniel's will, and she meant to take up with it." When a sale of the moveables, about a month afterwards, was about to commence, she repeated to him "that she meant to abide by the will." The executor then separated the specific articles from the rest, and delivered them to her. She accepted and took them into her own room and custody; except the cows; those she requested her brother to select for her; he picked them out of a lot of eight cows; and she kept them, till after becoming old she sold them. The executor authorized her to bid, if she chose, for any articles to the amount of thirty dollars in satisfaction of the legacy, and she did so, and retained them to the full amount. A release was offered for her signature at the auction. Some witnesses say she refused to sign it; others that she only evaded by alleging she was too much agitated at the time. It was never done; but she often afterward for

Davison *v.* Davison.

five or six years, declared her intention to abide by the will. The testator died about the middle of December 1816, and about seventeen years afterwards she brought this action. It was insisted at the trial that there was no release, and dower could not be barred by acceptance of a collateral satisfaction without it. The court being of this opinion, the jury found for the demandant.

This question has been much agitated, see *Larrabee* v. *Van Alstyne,* 1 *Johns. R.* 307, and occasioned conflicting *dicta* and decisions. I am of opinion, as well on the principle of the thing, as the weight of adjudged cases, that the demandant was barred by her acceptance.

In *Vernon's case,* 4 *Rep.* which was a case of dower, the great rule of law was settled and surely cannot be disputed, " that a right or title which any one *hath* to any estate of inheritance or freehold, cannot be barred by acceptance of any manner of collateral satisfaction or recompence, *but only by release;*" as if tenant in fee, of the manor of *Dale,* on being disseized thereof, *accept* the manor of *Dale* in full satisfaction of his right, it will not bar him, for the old fee of the manor of Dale, was in him, and had never been divested by release or conveyance by deed, and could not be divested by parol.

But a widow *hath no estate,* till one be assigned to her, in the lands, and consequently there is none to be divested; how then can the rule in Vernon's case apply? She has a right only to require that an estate *shall be made* to her. There is a difference between having an estate in dower already, and a *right* to have such an estate made. The right *to have* dower, attaches at the instant of marriage, 1 *Cruise,* 172, *sec.* 1, but she will never *have* it, if she die before the husband. On his death, the right *to have,* becomes consummate. *Id.* 159, *sec.* 1. But she has yet to obtain it. The only obstacle to her maintaining an ejectment before assignment, is that she has *no estate.* The whole inheritance is in the *heir,* by operation of law, and it cannot be in them both. She has to derive it from him. The books say that she " *acquires* the estate of freehold, *by* the assignment;" 1 *Cruise,* 166, *sec.* 28; " that it is a species of *infeudation,* and she holds of him by *fealty ;*" *Idem* 155, *sec.* 35; " that it is a

kind of *subinfeudation*, or under-tenancy, completed by this investiture or assignment, in which the *heir parts with an estate for life;* 2 *Bl. Com.* 136; "that it is of equal notoriety with livery of seizin, and includes a warranty." , 1 *Cruise,* 166, *sec.* 30. Cruise quotes from Gilbert on Tenures, thus—" The widow therefore, has *no estate* in the land until assignment, for the law casts the freehold on the heir, immediately on the death of the ancestor." *Id.* 159, *sec.* 2. The widow's immediate estate at common law, was a quarantine of forty days, now enlarged by statute " until dower *shall be* assigned to her," which is a subsequent estate, and extinguishes the former as soon as it vests, but not before. If she had a freehold estate vested at her husband's death, the acceptance of a collateral recompence by *parol,* could not divest it; it could only be by *deed;* freehold estates will not pass by word of mouth, nor be divested in that way. This is the reason of the rule in Vernon's case; but it cannot apply to this case, because she had no estate as yet to dispose of, either by word or deed. It is not an estate; it is no more than a *privilege* or right to require that one be made to her. While it remains a mere personal privilege, like that to demand a sum of money or a chattel, she can do with it by *parol,* as she pleases; she can delay the demand for seventeen years, as in this case, or waive it; or accept any recompence in lieu of such personal privilege. Thus in *Hilchins* v. *Hilchins,* 2 *Ver.* 403, lands subject to a title of dower, were devised to a person in fee who died leaving a widow; this widow sued for her dower, and recovered one-third of the whole, without any regard to the title of dower in the testator's widow, who did not put her claim in suit. It was holden by the court, that the testator's widow, not having recovered her dower, it was to be laid out of the case, and the dower of the *devisor's* widow, was not therefore to be looked upon as *dos de dote.*" Here the testator's widow had legally *waived* her privilege, and that not by *deed,* but by not putting her claim in suit. Perkins adduces a case from the year books, " If a woman brings writ of dower, &c. and hath judgment to recover, and between the judgment and execution, the tenant assign unto her a rent, by word, issuing out of the same land whereof she demandeth dower, in allowance

for her dower in the same land, to which assignment *she doth agree*, it shall be a *good bar* in a *sci. fa.* brought by the woman, to have execution of the *land* recovered, &c." Now the law awarded her *land ;* money, furniture or cattle, are no more a collateral recompence than rent, yet if she agrees to it, not even by deed, but only by parol, it was held to *bar her* in a court of law. *Perkins*, 176, *sec.* 413. So in *Gosling* v. *Warburton*, *Cro. Eliz.* 128, where rent was devised in lieu of dower, the court of K. B. held it to be against the intention of the will, that she should have dower and the rent both, and they laid it down as a broad rule, " that the *acceptance* of one, was a *waiver* of the other." They said nothing about a deed of release, but placed it simply on the ground of *acceptance.* So in 2 *Bac. Abr. Dower*, *D.* 2; " If lands whereof a woman hath no right to be endowed, or a rent issuing out of such land, be *assigned* in *lieu* of her dower, this is *no* bar, but if the rent be granted by parol, and she *agrees* to it, and *accepts the rent*, she is concluded." So in *Bush's case*, *Dyer*, 220, *pl.* 12; " A man devised a third of all his lands, to his wife, *in* recompence of her dower, and died ; the wife *entered* on the lands *devised* to her, and it was resolved, she was thereby barred of her dower." The great principle settled in *Wake* v. *Wake*, shortly stated in 1 *Cruise*, 179, *sec.* 24, from 3 *Bro. Rep.* 25, is this— " A devisee cannot operate in a court of law, as a bar of dower ; but if it be expressed to be in satisfaction of her dower, then she cannot have both ; she must make her election; *and if she enters* on the lands devised to her, she *thereby* precludes herself from ever claiming dower."

These cases show that a collateral recompence is sufficient to bar dower, if the recompence be agreed to *and* accepted, and that without deed or release, even at law. We have no power to surrender the jurisdiction of the court, nor in any wise to abridge it. Whether a mere *agreement* to accept, is sufficient or not, is not presented in this case ; here is an agreement to accept and carried into execution by the actual acceptance of the recompence. It is proved that she took all the articles into her own custody. It is alleged that one witness said, the trammel and meat were afterwards sold at the vendue. After full proof

of delivery to her, the fair presumption would be, that she sent them there herself for her own account. It does not seem to have any stress laid on it at the trial, nor is the witness named by the party alleging it.

But the bequest is on condition that she should " execute a good and sufficient quitclaim," and " within one month after her husband's decease ; " and it is urged, that if the *law* does not require the quitclaim to be, *by deed*, the will does, and she must perform the will, to be entitled to the bequest. There can be nothing in this ; *she did " make a sufficient quitclaim thereto "* by accepting the bequest, taking the articles to her own uses, keeping the thirty dollars and selling the cows,which acceptance the cases say precluded and concluded her right of dower. The testator says nothing about its being done *by deed* ; nor *to whom* the quit claim was to be made. She has so sufficiently quit-claimed her right to dower, that she is entitled to the bequests, and the executors cannot recover them back. I am of opinion, that she has no legal right to dower, that she is barred by her own election and acceptance, and that the verdict ought to be set aside.

*Verdict set aside.*